PEOPLE v. FREEMAN

1. BURGLARY—EVIDENCE—BREAKING AND ENTERING—PHOTOGRAPHS—
ADMISSIBILITY.

A photograph of an open window located in the rear of a build-
ing which defendant allegedly had entered was admissible
although the window, as shown in the photograph, contained
marks of a prior breaking and entering, where a police officer
testified that the photograph fairly depicted the condition of
that building when he first approached it and the jury was
informed that certain marks on that window were old and
not related to the charge against defendant (MCLA § 750.110).

2. BURGLARY—EVIDENCE—BREAKING AND ENTERING—PHOTOGRAPHS—
AUTOMOBILES—CRIMINAL CONNECTION.

A photograph of an automobile which police found parked in
an alley at the rear of a building which defendant was accused
of breaking and entering was admissible where defendant, on
cross-examination, testified that although he could not see the
license plate number of the automobile in the photograph,
the car depicted in that picture resembled his automobile,
had the same body style and was the same model year as his
vehicle (MCLA § 750.110).

3. APPEAL AND ERROR—JURY—VERDICT.

An appellate court will not upset a jury's findings when the
evidence introduced is credible and sufficient to support the
verdict.

Appeal from Oakland, Farrell E. Roberts, J.
Submitted Division 2 October 14, 1969, at Detroit.
(Docket No. 5,202.)   Decided October 27, 1969.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 13 Am Jur 2d, Burglary § 44 et seq.
[3] 5 Am Jur 2d, Appeal and Error § 883.

Bennie Eddie Freeman was convicted by a jury of breaking and entering a building with the intent to commit larceny therein. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, *Dennis Donohue,* Chief Appellate Counsel, and *David P. Stoller,* Assistant Prosecuting Attorney, for the people.

*Campbell & Lee,* for defendant.

Before: LESINSKI, C. J., and J. H. GILLIS and DANHOF, JJ.

PER CURIAM. Defendant was convicted by a jury of breaking and entering a building with intent to commit larceny therein.[*] At trial, defendant testified that while at a bar he met an old friend who tried to persuade him to drive that night to a building and assist in loading some machines into defendant's car. Defendant stated that he declined the invitation, but out of curiosity he drove later that same night together with another friend to the building in question, backed his car into an alley, climbed through a window of the establishment, and was apprehended by the police while inside the building looking for his friend.

On appeal, defendant challenges the admissibility of two photographs. One depicts an open window located in the rear of the building where defendant was alleged to have entered the building. Defendant contends that the photograph was inadmissible because the window as shown in the photograph contained marks of a prior breaking and entering. We

---

[*] MCLA § 750.110 (Stat Ann 1968 Cum Supp § 28.305).

find no error in admitting this photograph. A police officer testified that the picture fairly depicted the condition of the building when he first approached it. Moreover, by examination and cross-examination, the jury was informed that certain marks on the window were old and not related to the present charge.

A second photograph depicts an automobile parked in the alley at the rear of the burglarized building. Defendant contends that the prosecution failed to establish any connection between defendant and the automobile. On cross-examination, defendant stated that, while he could not see the license plate number of the automobile depicted, the car resembled his own, had the same body style, and was of the same model year as his own. We see no error in admitting this exhibit.

An appellate court will not upset the findings of a jury when the evidence introduced is credible and sufficient to support the verdict. *People* v. *Cybulski* (1960), 11 Mich App 244.

Affirmed.